# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW PEOPLES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL LAWRENCE, )<br>)<br>Defendant. ) | Case No. CIV-25-1492-HE |

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* state prisoner, has filed a civil rights complaint. (Doc. 1). He has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (*in forma pauperis* ("IFP")). (Doc. 2, "Application"). United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 5).

The filing fee in civil cases is presently $405.00.[1] Under 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing district court order denying an IFP application for abuse of discretion); *Cabrera v. Horgas*, 1999 WL 241783, at *1 (10th Cir. 1999) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court.").

---

[1] The total filing fee includes a base fee of $350.00 and an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). "[T]o succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The court evaluates "an application to proceed [IFP] . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008).

Having reviewed the Application, the undersigned finds that Plaintiff has sufficient financial resources to pay the filing fee, as his institutional account has a current balance of $598.67 (Doc. 2, at Ex. 1, at 1) and has maintained an average monthly balance of approximately $576.39 over the past six months (*see id.* at 1-2). Because he does not qualify for authorization to proceed without prepayment of the filing fee, Plaintiff's Application should be denied, and he should be required to pay the full filing fee for this action to proceed.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the court **DENY** Plaintiff's Application (Doc. 2). The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to the refiling. LCvR 3.3(e).

**Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 27, 2026,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection

waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 6th day of January, 2026.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE